Luz María San Antonio, Plaintiff and Appellant, *v.* Jiménez & Fernández, Sucrs., et al., Defendants and Appellees.

No. 8729.   Argued June 14, 1943.—Decided June 18, 1943.

*F. Fernández Cuyar* for appellant.   *E. Martínez Rivera* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A motion to dismiss the appeal herein has been filed because, according to the appellees, this court has not acquired jurisdiction to hear the same since the appellant has not placed it in the same position as was the lower court when entering the judgment appealed from.

The facts herein are as follows. Luz María San Antonio sued Jiménez & Fernández, Succrs., and Eagle Indemnity Company, claiming $7,500 for damages suffered by the plaintiff in being struck and injured by a truck of the former insured by the latter.

The defendants answered. The case went to trial and the court entered judgment in favor of the plaintiff for $1,250 for the damages suffered.

The plaintiff appealed stating in her notice of appeal that "feeling aggrieved by the amount of damages awarded in the judgment . . . the plaintiff appeals from the said judgment as to the amount of the same," and in order to perfect her appeal prayed that there be entered "an order addressed to the stenographer who took the testimony, Mr. Arroyo, ordering him to prepare a true and exact transcript of the evidence introduced by the plaintiff as to the damages suffered by her as a consequence of the accident, the transcript to be limited to the testimony of the plaintiff and of Dr. J. Noya Benítez. The said transcript must include, insofar as it refers to the indicated testimony, all the acts, manifestations, objections, and exceptions of both parties, as well as the orders or resolutions entered by the court in connection with the said two witnesses." The lower court entered an order to this effect.

The transcript was prepared by the stenographer, the attorneys of both parties were notified therewith, and it was approved and certified by the district judge in accordance with law. It was filed, together with the judgment roll, in this court on April 27, 1943.

At this stage, the appellees presented on May 7 the motion to dismiss. A hearing thereon was held on June 14 at which the attorneys for both parties appeared orally and by brief.

██ In support of their motion the appellees invoke the the provisions of §299 of the Code of Civil Procedure as amended by Act No. 11 of May 5, 1939 (Laws of 1939, p. 574) as follows:

"After filing an appeal from a judgment of a district court, the appellant must, within ten (10) days from the date of the filing thereof, present and file with the secretary of the court whose judgment, order or decision shall have been appealed from, a written application for the making and preparation of a transcript of the testimony offered and taken, of the evidence offered and admitted, and of all decisions, rulings or statements of the court, as well as of all objections and exceptions of the attorneys and questions or matters related thereto.

"Upon receipt of said application it shall be the duty of the court to direct the stenographer thereof to transcribe faithfully and completely the stenographic notes of the hearing. . . . On the day set for its approval the judge shall examine and see that the same is an exact, true and correct copy of the proceedings had at the hearing, of the testimony offered and taken, of the evidence offered and admitted, rulings and statements of the court, and of all objections and exceptions of the attorneys and of the particulars in connection therewith. In said proceeding the parties may request the inclusion of all such documents, records or particulars as should be included therein, pursuant to the results of the litigation, for greater accuracy. The judge shall then certify the said transcript to be true and correct, and when so approved it shall constitute and form part of the judgment roll."

And the appellees allege that in all cases, without exception, in order that an appeal be considered as duly perfected, a complete transcript of the record must be filed, and not a part thereof.

The appellant opposed the motion and cited Rule 40a of this court which, in its pertinent part says: "And *provided, also* that in the cases in which review of only certain orders of the court with respect to the proof is prayed, it will not be necessary to include the proof verbatim but only that part thereof which is indispensable in order to review effectively the said order."

The appellees contend that the rule which the appellant cites has no effect because it is in violation of the legislative mandate contained in §299 of the Code of Civil Procedure now in effect.

We do not believe that the appellees are right. According to the express provision of §296 of the Code of Civil Procedure, appeal may be taken from all or any part of the judgment, and what is provided by the Legislature in §299 amended in 1939, in order to perfect the appeal, must be interpreted in harmony with the previous, basic, fundamental disposition.

The law does not require useless things. When appeal is taken from the judgment, the entire record is necessary, but when there is appeal from a part of the judgment, the complete record of which the statute speaks must be understood as that which is pertinent the appealed portion of the judgment only, unless it involves a case in which the part cannot be segregated from the whole.

Not only would it be useless to include what is unnecessary in the transcript, but the only thing that would be obtained with that would be to delay the proceedings, to make difficult the decision of cases and to increase the cost of litigation, all of this in violation of principles which lead to a sound administration of justice.

This being our interpretation of the statute and the appellees not having demonstrated nor the court having satisfied itself that what is included in the transcript is not all that is necessary to decide the case, it is obvious that the motion to dismiss should not be granted. The motion of the appellees must, therefore, be denied.